UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

RICHARD GILLIAM                                                                          PLAINTIFF
#209415

V.                               No. 4:20-cv-00926-LPR-JTR

DYLAN BERRYMAN, Deputy;
KEVIN SMITH, Jail Administrator;
and WILLIAM SHIPP, Deputy,
Lonoke County Jail                                                                      DEFENDANTS

## RECOMMENDED DISPOSITION

The following Partial Recommended Disposition has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Rudofsky may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

Plaintiff Richard Gilliam ("Gilliam"), filed a § 1983 Complaint, *pro se*, complaining that, while incarcerated in the Lonoke County Detention Center, Defendants Deputy Dylan Berryman, Jail Administrator Kevin Smith, and Deputy

William Shipp violated his 8th Amendment rights. *Doc. 2*. Before Gilliam may proceed with this case, the Court must screen his claims.[1]

## II. Discussion

Gilliam alleges that on April 24, 2020, the Defendants came to his cell to perform a shake down, after which they left a "multi purpose tool with a big blade" in the cell. *Doc. 2 at 4*. He complains that he grieved about the matter and was told that it had been addressed. However, in his "opinion," none of the Defendants were ever "held accountable" for their violation of safety policies. *Id. at 5*. Gilliam does *not* allege that anyone suffered a physical injury -- only that someone could have been injured.[2] He concludes that the Defendants violated his Eighth Amendment

---

[1]The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

[2]The PLRA's "physical injury rule" specifies that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]" 42 U.S.C. § 1997e(e) & e(h) (including pretrial detainees in definition of "prisoner"). Thus, to recover compensatory damages, a prisoner must allege a *physical injury* that is "more than … *de minimis*." *McAdoo v. Martin,* 899 F.3d 521, 525 (8th Cir. 2018); *Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004); *see also Bell*, 441 U.S. at 539 n.21 (explaining that "[t]here is … a *de minimis* level of imposition with which the Constitution is not concerned").

rights with "their negligence." *Id. at 6*. For relief, Gilliam seeks monetary damages and declaratory relief. *Id. at 7*.

The Eighth Circuit has held repeatedly that mere negligence -- even gross negligence -- is insufficient to sustain a § 1983 claim. *See, e.g., Patterson v. Kelley,* 902 F.3d 845, 852 (8th Cir. 2018) (guard's alleged conduct "represents – at most – gross negligence, which falls short of deliberate indifference as a matter of law"); *Kulkay v. Roy,* 847 F.3d 637, 643 (8th Cir. 2017); *Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005) (explaining that intentional conduct, rather than negligence, is required to sustain a § 1983 claim); *Walker v. Reed*, 104 F.3d 156, 157 (8th Cir. 1997) (same). Additionally, the Eighth Circuit has made it clear that to state a plausible claim for monetary damages on a conditions of confinement claim, a prisoner must allege a physical injury. *McAdoo v. Martin,* 899 F.3d 521, 525 (8th Cir. 2018) (to recover more than nominal damages, the PLRA requires a prisoner to allege and prove "more than mental or emotional injury" and a *physical injury* that is "more than … de minimis"); *Irving v. Dormire,* 519 F.3d 441, 448 (8th Cir. 2008) ("Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some *actual injury* before he can receive compensation.") (emphasis added).

IT IS THEREFORE RECOMMENDED THAT:

1. All claims asserted in Gilliam's Complaint be dismissed, without prejudice, for failure to state a plausible claim that his federal constitutional rights were violated.

2. The dismissal count as a "strike" pursuant to 28 U.S.C. § 1915(g).

3. Gilliam's Motion to Dismiss Dylan Berryman (*Doc. 4*) be GRANTED, and that all claims against Berryman be dismissed for this additional and independent reason.

4. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

IT IS SO ORDERED this 16th day of March, 2021.

_____
UNITED STATES MAGISTRATE JUDGE